IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTEO BRUNOZZI, as an individual, | No. 3:14-cv-01131-MO |
|         Plaintiff, | OPINION AND ORDER |
|     v. | |
| CABLE COMMUNICATIONS, INCORPORATED, a foreign corporation, | |
|         Defendant. | |

MOSMAN, J.,

On July 9, 2015, I granted summary judgment in favor of Cable Communications, Incorporated ("CCI")[58]. On July 23, 2015, CCI filed a Motion for Attorney Fees and Costs [60], seeking $64,225 in attorney fees, $2,268.25 in expenses, and $967.65 in costs. Plaintiffs objects to these attorney fees and costs [65]. I have determined that an award of attorney fees and costs is not appropriate in this matter. Therefore, I DENY Defendant's Motion for Attorney Fees and Costs.

I.  Costs

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Based on this rule, there is a presumption that costs will be awarded in favor of the prevailing party. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995)). However, the Ninth Circuit has recognized that Rule 54(d)(1), "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citing *Nat'l Info. Servs., Inc.* at 1471). This discretion is "not

1 –OPINION AND ORDER

unlimited" and requires a district court denying such costs to "'[specify] reasons' for its refusal to award costs." *Id*. (citing *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

As a starting point for analysis, the Ninth Circuit has noted at least five "appropriate reasons" for denying costs. They include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educ*. at 592–93).

In this case, Plaintiffs' claims addressed an issue of first impression and one that required careful thought on the provisions at issue. Only after the rigorous briefing of the parties to the case and close analysis of the legal questions presented was I able to resolve the case. Although I ultimately granted CCI's motion for summary judgment, the issues were complex and the claims were not frivolous. That the issues were close and the claims not without merit is a heavy factor weighing against the imposition of costs on the Plaintiff.

Additionally, I have taken into account Plaintiffs' limited financial resources. Mr. Brunozzi has been unemployed for virtually all of the time since the events that gave rise to his claim. Pl. Decl. ¶¶2-3. He had an income of about $14,000 in 2014. *Id*. Of that, about a quarter came from unemployment benefits. *Id*. Since "[i]ndigency is a factor that the district court may properly consider in whether to award costs," *Stanley*, 178 F.3d at 1079, I recognize the Plaintiff's difficult financial situation as another factor weighing against the imposition of costs.

Finally, the economic disparity between the parties supports finding costs should not be imposed on Plaintiff. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing

*Ass'n of Mexican-Am. Educ*. at 592–93).   Plaintiff is an individual struggling to support himself, while Defendant is a large corporation with various forms of capital and income.  Due to this disparity in income, Plaintiff's limited financial resources, and the close questions on important public policy questions I find that the imposition of costs would be inappropriate in this case.

    II.    Attorney Fees

Defendant moves for attorney fees citing three statutes ORS 653.055, ORS 659A.8885 and ORS 20.105 [60]. The first two statutes cited by Defendant are discretionary, while the third is mandatory only if there was no "objectively reasonable basis for asserting claim, defense or grounds for appeal." Or. Rev. Stat. § 20.105 (2013). None of the three statues provides grounds for recovery of attorney fees in this case.

ORS 653.055 and ORS 659A.8885 both state that the court may impose attorney fees only after a balancing of factors in ORS 20.075 and a determination that those factors weigh in favor of awarding attorney fees. Or. Rev. Stat. §§ 653.055, § 659A.8885 (2013). The factors in ORS 20.075 include (a) the conduct of the parties; (b) the objective reasonableness of the claims and defenses asserted by the parties; (c) the extent an award would deter other good faith claims in similar cases; (d) the extent an award would deter others from asserting meritless claims; (e) the objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute;  (g) the amount that the court has awarded as a prevailing party fee under ORS 20.190; and h) Such other factors as the court may consider appropriate under the circumstances of the case. Or. Rev. Stat. § 20.075 (2013).

In examining the factors that apply to this case, it is clear that an award of attorney fees is not appropriate.  As stated above in my discussion of costs, I believe that Plaintiff made his claims in good faith and that they were objectively reasonable.  Plaintiff's conduct in the case was unexceptionable.  Awarding attorney fees in this case would deter future litigants from bringing good faith claims while

3 –OPINION AND ORDER

doing little to deter future litigants from bringing meritless claims.  Therefore, under the ORS 20.075 factors and in the discretion of this court, attorney fees are inappropriate in this case.

Finally, attorney fees are not required under ORS 20.105, the other statute that Defendant offers, because ORS 20.105 does not apply to this case.  ORS 20.105 mandates attorney fees only when there was no "objectively reasonable basis for asserting claim, defense or grounds for appeal." Or. Rev. Stat. § 20.105 (2013). Since there was an objectively reasonable basis to bring the claims, I am not bound by the mandatory component of this statute.

For the reasons stated above, I have determined that an award for costs and attorney fees would not be appropriate in this matter, and therefore, I DENY Defendant's Motion for Attorney Fees and Costs [60].

IT IS SO ORDERED.

DATED this   16th   day of September, 2015.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge

4 –OPINION AND ORDER